ELMER MEED *vs.* THOMAS L. NELSON & another.

It is no objection to the proof in insolvency of a promissory note against the maker, that an accommodation indorser holds security from him, which has not been surrendered, and that the proof is offered at the indorser's request.

APPEAL from the disallowance by the court of insolvency of a claim offered for proof against the estate of Windsor Morse, an insolvent debtor. The appellant and the assignee stated the following case:

The claim was upon a promissory note made by Morse, payable to White or order, and indorsed by White for the accommodation of Morse to the appellant. White held a mortgage on real estate of Morse, to secure him against liability on his indorsement, and this was known to the appellant, who offered this claim for proof at White's request. The assignees objected that the claim could not be allowed until the mortgage had been delivered up to them, or applied to the payment of this claim.

*F. H. Dewey*, for the appellant.

*T. L. Nelson*, for the appellee, cited Burge on Suretyship, 485; *Eastman* v. *Foster*, 8 Met. 19; *Lanckton* v. *Wolcott*, 6 Met. 305; *Amory* v. *Francis*, 16 Mass. 308; *Agawam Bank* v. *Morris*, 4 Cush. 99; *Ex parte Greenhill*, 3 Dea. & Chit. 334; *Ex parte Sherrington*, 1 Mont., Dea. & DeGex, 195.

SHAW, C. J. It appears to us very clear that this claim ought to have been allowed. The plaintiff held no mortgage or other property of the debtor, pledged for the payment of this debt. White was a mere accommodation indorser, and might never be called upon, and in that case the mortgage would never become a charge upon the estate of the insolvent.

*Decree reversed.*